IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JONATHAN LONGBRAKE[1], | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-00123-JRR |
| LANCASTER FOODS, LLC, | |
| *Defendant*. | |

**MEMORANDUM OPINION**

Pending before the court is Defendant's Partial Motion to Dismiss the Amended Complaint. (ECF No. 12; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the following reasons, by accompanying order, the Motion will be granted.

**I.     BACKGROUND[2]**

Defendant Lancaster Foods, Inc. ("Lancaster"), hired Plaintiff Jonathan D. Longbrake as its Quality Assurance Technician in its Jessup facility around October 2023. (ECF No. 10 ¶¶ 7, 26.) His work mainly consisted of manual maintenance and inspection work for the property. *Id.* ¶ 8. Plaintiff's hiring was "memorialized in writing in correspondence confirming that Plaintiff would be paid the agreed upon hourly wages." *Id.* ¶ 27. Additionally, "[i]t was also understood that [Plaintiff] would be compensated for all hours worked, including, but not limited to, at the legally required overtime right for work above forty (40) hours in a workweek." *Id.* ¶ 28.

---

[1] The docket reflects an error in the spelling of Plaintiff's surname as "Longbreak." The Clerk is directed to correct it to read: "Longbrake."

[2] In its analysis of a motion to dismiss, the court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).

In the year 2020, Plaintiff's hourly wage was $35.34, and he was paid overtime for work beyond the standard 40-hour work week. *Id.* ¶ 8. In approximately July of that year, Defendant altered Plaintiff's compensation by switching from an hourly wage to a salary, and by no longer providing overtime compensation. *Id.* ¶¶ 19–20. Plaintiff regularly worked beyond 40 hours per week at the instruction of Defendant both before and after the change in compensation, averaging 45 hours per week. (ECF No. 10 ¶¶ 20, 29.) Following the switch from hourly to salary, Defendant stopped paying Plaintiff overtime wages, despite the fact that Plaintiff complained to human resources and made "numerous demands." *Id.* ¶¶ 22–24.

Plaintiff commenced this action on December 2, 2024, in the Circuit Court for Prince George's County (Case No. C-13-CV-24-001022). (ECF No. 1 ¶ 1.) Plaintiff then filed his Amended Complaint on February 4, 2025, setting forth claims of breach of contract (Count I), failure to pay overtime wages under the Maryland Wage and Hour Law (the "MWHL") (Count II),[3] failure to pay overtime wages under the Fair Labor Standard Act (the "FLSA") (Count III), and failure to pay overtime wages under the Maryland Wage Payment and Collection Law (the "MWPCL") (Count IV). (ECF No. 10 at pp. 3–7.) Plaintiff seeks unpaid wages, attorney's fees and costs, statutory treble damages, and pre- and post-judgment interest. *Id.* at p. 7.

Defendant's Motion seeks partial dismissal of the Amended Complaint. Specifically, Defendant argues Count I for breach of contract claim is preempted by the FLSA because it is duplicative of Count III (FLSA), and that Counts II–IV "must be dismissed to the extent that they exceed the applicable statute of limitations." *Id.* ¶¶ 3–4. Plaintiff argues discovery is necessary to determine whether an exception to the statute of limitations applies, and also asserts the Amended

---

[3] The MWHL is the "State parallel" of the FLSA. *Newell v. Runnels*, 407 Md. 578, 649 (2009).

Complaint should proceed because limitations is an affirmative defense and should not be resolved by responsive motion. (ECF No. 13 at pp. 2–3.)

## II. LEGAL STANDARD

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The court must be able to deduce more than the mere possibility of misconduct; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (citation modified).

### III. <u>ANALYSIS</u>

#### A. Preemption—Breach of Contract (Count I)

Defendant argues that Plaintiff's breach of contract claim is preempted by the FLSA. (ECF No. 12-1 at pp. 4–5.) In response, Plaintiff argues he is entitled to bring Counts I and III as alternative pleading and, further, that dismissal before discovery as to Defendant's status as an FLSA qualifying employer is premature. (ECF. No. 13 at pp. 5–7.) Defendant counters that a contract action is not permissible as an "alternative theory" because the FLSA is Plaintiff's exclusive remedy for the alleged violation. (ECF. No. 15 at pp. 1–4.)

When determining whether federal law preempts state law, the court must start "with the basic assumption that Congress did not intend to displace state law." *S. Blasting Servs., Inc. v. Wilkes Cnty.*, 288 F.3d 584, 589–90 (4th Cir. 2002) (citing *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)). There are three main exceptions to this presumption. First, "Congress may explicitly state an intention to preempt certain state laws," which is known as "express preemption." *Guthrie v. PHH Mortgage Corp.*, 79 F.4th 328, 336 (4th Cir. 2023) (citing *S. Blasting Servs., Inc.*, 288 F.3d at 590). Second, "field preemption" occurs when federal law is so prominent in a given area that it is reasonable to "infer[] that Congress left no room for the States to supplement it." *Id.* at 336 (quoting *S. Blasting Servs., Inc.*, 288 F.3d at 590); *see Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192 (4th Cir. 2007) ("[T]he presumption that Congress did not intend to preempt state law is especially strong when it has legislated in a field which the States have traditionally occupied, such as protecting the health and safety of their citizens." (citation modified)). The third category, "conflict preemption," contains two subcategories. The first sub-category is "direct conflict preemption," where "compliance with both federal and state regulations may be a physical impossibility." *Id.* at 336–37 (citation modified). The second subcategory is "obstacle

preemption," which exists where the state law acts "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 337 (citing *S. Blasting Servs., Inc.*, 288 F.3d at 590).

In *Anderson v. Sara Lee Corp.*, the Fourth Circuit examined whether the FLSA preempted the plaintiffs' contract, negligence, and fraud claims under a theory of conflict preemption, and more specifically, obstacle preemption. 508 F.3d at 192. The Fourth Circuit explained, "Congress enacted the FLSA to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]'" and it "mandates that covered workers be paid a minimum wage . . . and that they receive overtime compensation . . . ." *Id.* (quoting 29 U.S.C. § 202(a)) (citing 29 U.S.C. §§ 206–207). Importantly, "the FLSA provides an unusually elaborate enforcement scheme." *Id.* (quoting *Kendall v. City of Chesapeake*, 174 F.3d 437, 443 (4th Cir. 1999)). But "the mere existence of a federal regulatory or enforcement scheme–even if the scheme is an appreciably detailed one–does not by itself imply preemption of state remedies." *Id.* (citation modified).

To determine whether the FLSA preempts state claims, the Fourth Circuit looked for "'special features warranting preemption,' such as the provision of exclusive remedies for enforcing rights expressly guaranteed by the federal statute." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193–94 (4th Cir. 2007) (citations omitted). In line with numerous other courts, the Fourth Circuit determined that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Id.* at 194 (citing cases). Congress' intent to preempt state law is reflected in the fact that, per the FLSA, "'commencement of an action by the Secretary of Labor terminates an employee's own right of action'—a special feature of the FLSA's enforcement scheme . . . [which]

5

would be rendered superfluous if workers were able to circumvent that scheme while pursuing their FLSA rights." *Id.* (quoting *Kendall*, 174 F.3d at 443).

Due to the exclusive nature of the enforcement scheme under the FLSA, a contract claim is "precluded under a theory of obstacle preemption" when the contract claim functions as a duplicate of a plaintiff's claim under the FLSA. *Id.* In general, "[w]here state law claims are merely duplicative of FLSA claims, then the state law claims are preempted."[4] *Iraheta v. Lam Yuen, LLC*, No. CBD-12-1426, 2013 WL 6713219, at *8 (D. Md. Dec. 18, 2013) (citing *Sara Lee Corp.*, 508 F.3d at 194).

Here, Plaintiff alleges Defendant breached Plaintiff's employment contract "by refusing to pay Mr. Longbrake wages for the extra hours worked during Mr. Longbrake's employment." (ECF No. 10 ¶ 30.) Because Plaintiff's breach of contract claim arises from Defendant's failure to pay overtime wages, success on his contract claim essentially requires "the same proof as claims asserted under the FLSA itself." *Hobson v. Loc. 689, Amalgamated Transit Union AFL-CIO*, No. CV TDC-21-2374, 2022 WL 3028073, at *5 (D. Md. Aug. 1, 2022). Thus, Plaintiff's breach of contract claim is duplicative of, and preempted by, his FLSA claim. *See Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (determining plaintiff's contract claim was preempted by the FLSA where, despite having "no explicit reference to the FLSA, the claim [was seeking] the value of . . . overtime wages" and "must rely upon the FLSA . . . because the FLSA establishes . . . overtime requirements").

As explained above, Plaintiff urges that dismissal of his breach of contract claim on FLSA preemption grounds is premature. (ECF No. 13 at p. 7.) Instead, he urges, the Federal Rules of

---

[4] Importantly, however, "the FLSA does not preempt the MWHL[,]" nor does it preempt the MWPCL. *See id.* at 8–9 (citing *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3rd Cir. 2012)) (discussing the longstanding history of states' regulation in the area of employee pay).

Civil Procedure and this court's precedent allow him to plead alternative theories of recovery at this nascent stage of litigation. While this may be true as a general principle, this court has routinely dismissed state law claims based on overtime pay violations based on FLSA preemption. *See, e.g. Alvarez-Soto v. B. Frank Joy, LLC,* 258 F. Supp. 3d 615, 627 (D. Md. 2017) (dismissing state law breach of contract and unjust enrichment claims "[b]ecause Plaintiffs' state common law claims essentially duplicate their claims for unpaid regular and overtime wages in violation of the FLSA, they are preempted"; *Bouthner v. Cleveland Const. Inc.,* No. CIV.A. RDB-11-244, 2011 WL 2976868, at *7 (D. Md. July 21, 2011) (dismissing plaintiff's *quantum meruit* claim as preempted by the FLSA).

Importantly, Plaintiff does not dispute that the FLSA applies to his overtime pay dispute. In other words, he does not allege that he was not an employee as defined by the FLSA or advance some other theory as to why the FLSA does not apply to his allegations regarding withheld overtime pay. (ECF No. 10 ¶¶ 40–47.) In cases where this court has declined to dismiss duplicative state law overtime pay-based claims, the plaintiffs have challenged application of the FLSA to the claim challenged as duplicative. *See Pridgen v. Appen Butler Hill, Inc.*, No. JKB-18-61, 2018 WL 1912213, at *2–3 (D. Md. Apr. 23, 2018) (declining to dismiss at the pleading stage plaintiff's duplicative claim of breach of contract because of an ongoing dispute as to whether plaintiff qualified as an employee under the FLSA). Accordingly, the court will dismiss Count I of the Amended Complaint.

B. **Statute of Limitations—Counts II through IV**

Plaintiff initially filed the Complaint on December 2, 2024, in state court. (ECF No. 1 ¶ 1.) Defendant argues Plaintiff is not entitled to recover overtime wages that accrued before December 2, 2021, based on the three-year statute of limitations. (ECF No. 12-1 at p. 6.) Plaintiff

argues in response that Defendant's argument is premature, and that Plaintiff needs discovery to determine whether he may be entitled to equitable tolling. (ECF No. 13 at pp. 7–9.) Additionally, Plaintiff argues that Defendant cannot bring the affirmative defense of statute of limitations in a motion to dismiss, and it must instead be asserted in a responsive pleading. *Id.* at pp. 7–8.

Although "the defense of limitations is ordinarily not considered in the context of a motion to dismiss[,]" a defendant may bring a Rule 12(b)(6) motion to dismiss based on the affirmative defense of statute of limitations if all the facts necessary to show that the statute of limitations will apply are apparent in the facts of the pleading. *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 964 (first citing *Edwards*, 178 F.3d at 243 (4th Cir. 1999); and then citing *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004)).

The FLSA has a statute of limitations of "two years after the cause of action accrues," or three years in the case that the alleged FLSA violation was committed willfully. 29 U.S.C. § 255(a). For the FLSA, "it is generally accepted that a cause of action accrues for statute of limitation purposes at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." *Jones v. iGo Mktg. & Ent. LLC*, No. 1:22-cv-03095-JRR, 2023 WL 5880152, at *4 (D. Md. Sept. 11, 2023) (citation modified).

Both the MWHL and the MWPCL have a statute of limitations of "three years from the date [the claim] accrues." MD. CODE ANN., CTS. & JUD. PROC. § 5-101. For the Maryland state claims, the discovery rule applies, "provid[ing] that a cause of action accrues not on the date that the wrongful act originally occurred, but rather on the date 'when the claimant in fact knew or reasonably should have known of the wrong.'" *West v. Pitman,* No. JKB-24-00333, 2025 WL

1158884, at *3 (D. Md. Apr. 21, 2025) (quoting *Poffenberger v. Risser,* 431 A.2d 677, 680 (Md. 1981)).

Plaintiff alleges that Defendant stopped paying him overtime after July 1, 2020. (ECF No. 10 ¶ 22.) He acknowledges his immediate awareness of this change as it "significantly reduced" his gross pay. *Id.* ¶ 20. Additionally, Plaintiff "brought this change and failure to pay him overtime to the attention of Defendant Human Resources department." *Id.* ¶ 23. Plaintiff does not challenge that, under the discovery rule, accrual of his state law claims coincided with the July 2020 change in compensation. Instead, Plaintiff urges that discovery is essential to determine whether equitable tolling may apply.

There are two instances in which equitable tolling applies: "first, when 'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' and second, when 'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *West,* 2025 WL 1158884, at *4 (quoting *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014)). Equitable tolling is appropriate in limited circumstances; it is a "rare remedy" for plaintiffs who "ha[ve] exercised due diligence in preserving [their] rights." *Cruz*, 773 F.3d at 145 (citation modified). In *Cruz*, the Fourth Circuit determined that tolling for the FLSA occurs when an employer does not provide notice to its employees through public postings of their rights under the FLSA. *Id.* at 146–47. This "notice based" tolling continues until "the date [the plaintiff] learns of [their] FLSA rights or retains an attorney." *Dave*, 2025 WL 1865780, at *4 (citing *Cruz*, 774 F.3d at 146–47).

Plaintiff does not include factual allegations in his Complaint to provide grounds for equitable tolling on any of his claims; nor does he argue his claims merit such extraordinary relief. Instead, he merely requests time to investigate whether such relief may apply. Plaintiff's argument

9

that he requires discovery to determine whether tolling may apply, is inappropriate on a motion to dismiss, which "test[s] the sufficiency of a complaint." *Presley*, *supra*. Plaintiff also fails to cite any authority to persuade the court to his cause.

Plaintiff acknowledges that Maryland's three-year statute of limitations applies to his Maryland statutory claims. (ECF No. 13 at p. 9.) Because Plaintiff filed suit on December 2, 2024, it is "clear from the face of the complaint" that his claims for wages before December 2, 2021 are time-barred. *See Herbert Core Drill, LLC v. Bros. Mech., Inc.*, No. CV DKC 24-169, 2024 WL 4955281, at *9 (D. Md. Dec. 3, 2024) (dismissing MWHL and MWPCL claims to the extent they sought wages from more than three years before the filing of the complaint); *Johnson v. Silver Diner, Inc.*, No. PWG-18-3021, 2019 WL 3717784, at *6 (D. Md. Aug. 7, 2019) (same); *Guzman v. D & S Cap., LLC*, No. MAB 14-CV-01799, 2015 WL 772797, at *5 (D. Md. Feb. 20, 2015) (dismissing plaintiff's FLSA claims to the extent they sought unpaid wages from more than three years before filing of suit). Counts II through IV will be dismissed to the extent they seek to recover unpaid overtime wages from prior to December 2, 2021.

### IV.   CONCLUSION

For the foregoing reasons, by separate order, the Motion (ECF No. 12) will be granted.

Date: August 27, 2025

/S/_____
Julie R. Rubin
United States District Judge